UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**TENTATIVE CIVIL MINUTES - GENERAL**

| Case No. | CV 12-07635-CAS (MRWx) | Date | September 13, 2012 |
|---|---|---|---|
| Title | AMY L. WALTERS V. WELLS FARGO BANK, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| n/a | | n/a | |

**Proceedings:**   (In Chambers:) **PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** (filed September 10, 2012)

## I.   INTRODUCTION

On September 6, 2012, plaintiff Amy L. Walters filed the instant action against defendants Wells Fargo Bank, N.A. and NDEX West, LLC.  Plaintiff asserts claims for: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) promissory estoppel; (4) rescission under the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 et seq., Reg. Z; (5) other TILA claims; (6) fraudulent misrepresentations; (7) negligent misrepresentations; (8) unfair business practices under California Business and Professions Code § 17200; (9) unfair business practices under California Business and Professions Code § 17500; and (10) wrongful foreclosure based on a violation of California Civil Code § 2323.5.  Among other alleged violations, plaintiff complains that defendants miscalculated her monthly escrow payments at the time of the execution of her loan, and then without prior warning, doubled her monthly payments to make up the deficiency.

On September 10, 2012, plaintiff filed an application for a temporary restraining order ("TRO") and provided proof of service of named defendants.  By her application, plaintiff seeks an order restraining defendants from proceeding with a trustee's sale set for September 14, 2012.  Plaintiff argues that a TRO is necessary in this case because plaintiff is likely to prevail on the merits of her claims; plaintiff will suffer immediate and irreparable harm unless defendants are enjoined; and the relief sought will not have an adverse effect on the public interest.  Dkt. No. 10 at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**TENTATIVE CIVIL MINUTES - GENERAL**

| Case No. | CV 12-07635-CAS (MRWx) | Date | September 13, 2012 |
|---|---|---|---|
| Title | AMY L. WALTERS V. WELLS FARGO BANK, N.A., ET AL. | | |

Defendants have not filed an opposition. See Local Rule 7-12 ("The failure to file any required document. . . may be deemed consent to the granting or denial of the motion.").

## II. LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

## III. DISCUSSION

### A. Irreparable Harm

Plaintiff will lose any ownership interest in her property if a trustee's sale is allowed to proceed. Since real property is unique, plaintiff has demonstrated that she would suffer irreparable harm without this Court's intervention. See Sundance Land Corp. v. Community First Federal Sav. and Loan Ass'n, 840 F.2d 653, 661 (9th Cir. 1988) ("Since the property at issue is unique, [plaintiff's] legal remedy—i.e., damages—is inadequate."). Monetary damages here could not adequately compensate plaintiff for the loss of her home, and plaintiff may have no recourse to reacquire title to the property if a sale is executed in favor of a bona fide purchaser. See Cal. Civ. Code § 2924(c). Therefore, the Court finds that plaintiff has adequately demonstrated that she will suffer irreparable harm absent this Court's intervention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**TENTATIVE CIVIL MINUTES - GENERAL**

| Case No. | CV 12-07635-CAS (MRWx) | Date | September 13, 2012 |
|---|---|---|---|
| Title | AMY L. WALTERS V. WELLS FARGO BANK, N.A., ET AL. | | |

### B. Balance of Hardships

The Court finds that the balance of hardships tips "sharply" in plaintiff's favor. As discussed above, plaintiff will likely suffer irreparable harm if her property is sold at a trustee's sale. Therefore, the hardship that would befall plaintiff is substantial. Defendants, however, would not suffer significant hardship if this Court temporarily enjoins the sale of the property. Though defendants have an interest in obtaining the proceeds from the trustee's sale, defendants' interest will not be substantially impaired by postponing the sale—their interest in the underlying loan remains secured by the property. Thus, the balance of hardships tips sharply in plaintiff's favor.

Furthermore, the public interest will be best served by temporarily staying the trustee's sale. Without such a stay to properly assess the merits of plaintiff's claims, plaintiff may be deprived of her home in violation of California and federal law. Furthermore, through Civil Code sections 2923.5 and 2926, the California State Legislature has expressed a strong policy preference in favor of lenders and homeowners exploring alternatives to foreclosure. Staying the instant proceedings would further this important public interest.

### C. Serious Questions Going to the Merits

Because the Court finds that the balance of hardships tips sharply in plaintiff's favor, plaintiff must demonstrate that there is a "serious question" going to the merits of her claims. See Alliance for the Wild Rockies, 632 F.3d at 1132. The Court finds that plaintiff's claim under California Civil Code § 2923.5 presents such a "serious question" for the Court, because she "has a fair chance of success on the merits" of this claim.[1] See Sierra On-Line, Inc., 739 F.3d at 1421.

Section § 2923.5 requires, in relevant part, that "[a] mortgagee, beneficiary, or authorized agent...contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." This section provides a private right of action to aggrieved homeowners, who may seek

---

[1] At this time, the Court reserves judgment on any of plaintiff's other claims for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**TENTATIVE CIVIL MINUTES - GENERAL**

| Case No. | CV 12-07635-CAS (MRWx) | Date | September 13, 2012 |
|---|---|---|---|
| Title | AMY L. WALTERS V. WELLS FARGO BANK, N.A., ET AL. | | |

"a postponement of the sale before it happens" to permit the lender to comply with this section. Mabry v. Superior Court, 185 Cal. App. 4th 208, 214 (2010). However, a plaintiff loses their right to assert a claim under Civil Code § 2923.5 once a trustee's sale has taken place. Id.

Here, plaintiff has alleged that defendants failed to abide by the requirements of Civil Code § 2923.5, by failing to contact plaintiff to assess her financial situation and explore possible options such that she could avoid foreclosure. Because of the error committed by defendants in initially assessing plaintiff's required monthly payments to the escrow account, plaintiff may have been able to pay her mortgage if the payments had been properly calculated from the beginning or if defendants made an effort to discuss possible foreclosure alternatives. The failure to explore possible foreclosure alternatives with plaintiff, particularly in light of defendants' own mistake, likely violates Civil Code § 2923.5. Plaintiff's allegations thus state a claim for which she has a fair chance of success on the merits.

## IV.   CONCLUSION

Accordingly, the Court GRANTS plaintiff's application for a TRO and hereby enjoins defendants from foreclosing on the loan or selling the property via a trustee's sale or otherwise for a period of **ten (10) days** from the date of this order.

IT IS SO ORDERED.

_____ : _____

Initials of
Preparer          YS for CJ